UNITED STATE DISTRICT COURT
DISTRICT OF RHODE ISLAND

KERRYN AZEVEDO

v.                                                          CA 20-cv-

THE SMITHFIELD TIMES, INC.
SENTINEL MEDIA GROUP, LLC.
COMMON GROUND, INC.
And JOHN TASSONI

# COMPLAINT
## PARTIES

1.    Defendant Kerryn Azevedo, ("Defendant") is a domiciled resident of 804 Great Road, Lincoln, Rhode Island 02865

2.    The Smithfield Times, Inc., ("The Times") is a domestic corporation duly organized and existing under the laws of Rhode Island and operates its principal place of business at 543 Putnam Pike, Smithfield, Rhode Island 02828.

3.    Common Ground, Inc, ("CG") is a domestic corporation duly organized and existing under the laws of Rhode Island and operates its principal place of business at 543 Putnam Pike, Smithfield, Rhode Island 02828.

4.    The Defendant Sentinel Media Group, LLC, ("SMG") is a domestic limited liability company duly organized and existing under the laws of Rhode Island and operates its principal place of business at 543 Putnam Pike, Smithfield, Rhode Island 02828.

5.    John J. Tassoni, Jr., ("Mr. Tassoni") is a domiciled resident of the State of Rhode Island and is the sole owner of The Times, CG and SMG.

## JURISDICTION

6.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards

Act, 29 U.S.C. § 201 et seq.

7.  Venue is proper in the United States District Court for the District of Rhode Island pursuant to 28 U.S.C. § 1391 because Defendant and Defendant entities are located an incorporated in the State of Rhode Island and do business in the district.

8.  Supplemental jurisdiction, 28 U.S.C. § 1367, empowers this Honorable Court to adjudicate and redress Defendants' Massachusetts state wage law violations, which violations involve the same common nucleus of operative facts that establish Defendants' FLSA violations. The Plaintiffs' state wage claims are so related to the FLSA collective action claims that they form part of the same case and controversy.

**FACTS**

9.  Plaintiff was, at all times relevant hereto, an employee of The Times, CG, SMG, and Tassoni and misclassified as an "independent contractor."

10. The Plaintiff's job was to create a monthly production schedule for the CG, SMG, and Times, make edits and sent a final proofs to Defendant Tassoni for approval, then preflight the paper, and prepare a final print ready PDF and upload a web optimized file and share information about it on social media.

11. As an employee of Defendants, pursuant to the requirement of The Times, CG, and SMG, as the Plaintiff provided services to these three entities including but not limited to, page layout, graphic design, and social media oversight without which Defendant would not have been able to put out a paper, which was the entities primary purpose.

12. Plaintiff, at all times, used a third-party software (metro publication) for art and graphics, licensed to The Times, CG and SMG.

13. Plaintiff had no opportunity to have gains or losses from the operation of the Defendants as an owner would.

14. The Defendants set the Plaintiff's rate of pay, controlled her conditions of employment to a certain degree and signed off on the work performed by the plaintiff, making adjustments to her work prior to publication and suggesting changes, and maintained records of the amounts paid to the Plaintiff and of her employment with them.

15. Plaintiff, at all times, provided services to The Times, CG, and SMG from a remote location but pursuant to time frames set by the Defendants for the publication of their respective magazines/publications.

16. At all times relevant hereto, Plaintiff created data files which were used by the Defendant and its other employees to put together papers to include art work provided by customers paid to advertise in The Times and Common Ground, as well as email addresses to advertisers and customers of The Times and Common Ground, used in social media/email blast (promotions).

17. Plaintiff would routinely use Defendants' email server, and other materials to perform her duties as an employee of defendants.

18. During the time that the Plaintiff was employed by the Defendant, on average Plaintiff would work more than 50 hours a week and sometimes up to 77 hours a week.

19. Per Plaintiff's calculations she is owed $187,338.02 in overtime amounts.

20. In 2019, Plaintiff was paid $38,000 by the Defendant Times

21. In 2019, Plaintiff was paid $5200 by Sentinel Mediate Group, LLC

22. In 2019, Plaintiff was paid $15,350 by Defendant CG

23. In 2018, Plaintiff was paid $38,500 by the Defendant Times

24. In 2018, Plaintiff was paid $3800 by Sentinel Mediate Group, LLC

25. In 2018, Plaintiff was paid $15,000 by Defendant CG

26. In 2017, Plaintiff was paid $33,000 by the Defendant Times

27. In 2017, Plaintiff was paid $5000 by Sentinel Mediate Group, LLC

28. In 2017, Plaintiff was paid $15,600 by Defendant CG

29. Plaintiff's overtime rate for 2017 was $38.65 per hour

30. Plaintiff's overtime rate for 2018 was $41.32 per hour

31. Plaintiff's overtime rate in 2019 was $42.22 per hour.

32. In 2017 Plaintiff worked 542 actionable overtime hours for which she is owed $19,768.80.

33. In 2018 Plaintiff worked 1480 actionable overtime hours for which she is owed $61,153.60.

34. In 2019 Plaintiff worked 1682 actionable overtime hours for which she is owed $68,734.16.

35. In 2020 Plaintiff worked 62 actionable overtime hours for which she is owed $2659.86

36. Plaintiff was not paid at all for her work on the Times for February 2020 even under an invoice in the amount of $3200.

37. Plaintiff was not paid at all for her work on the CG for February 2020 even under an invoice in the amount of $1500.

38. Based on Plaintiff's math she is owed a total of $152,336.42 in overtime wages before any liquidated damages are added and $4700.00 in regular wages before any liquidated damages are added.

## COUNT I.
Fair Labor Standards Act of 1938 as amended, Overtime provisions 29 U.S.C. § 207

39. The allegations of the previous paragraphs are hereby realleged as if set forth in full.

40. The Defendants were engaged in interstate commerce through the delivery of a newspaper that was distributed in and outside of Rhode Island which had gross revenues for all years at issue of over $500,000.

41. The Defendants knew that they were misclassifying and deliberately misclassified the Plaintiff as an independent contractor and did so to intentionally avoid paying plaintiff overtime wages and making contributions to employer based taxes such as FICA and Medicare.

42. The Defendants can all be considered a joint enterprise as such is defined by the FLSA as all of the corporations identified are operated by one defendant John Tassoni and all required that the Plaintiff perform similar duties to each of the three publications run by Defendant John Tassoni.

43. Pursuant to the FLSA, an individual, such as the Defendant, who is responsible for hiring, firing, and setting the wages of an employee, who is an officer of a corporation hiring said Plaintiff is liable to the Plaintiff for violation of the FLSA in his individual capacity jointly with the Corporate Defendants.

## COUNT II
## FLSA MINIMUM WAGE OBLIGATION

44. The allegations of the previous paragraphs are hereby realleged as if set forth in full.

45. The defendants failed to pay the Plaintiff at any rate for work performed in 2020.

46. The Defendants have an obligation under the FLSA to pay to the Plaintiff at least the minimum wage per hours of $7.25.

47. The Plaintiff is owed the amount of $1631.25 in minimum wages alone for 225 hours worked during that period.

48. The Defendants actions have violated its failure to pay Federal minimum wages to the Plaintiff, therefore Defendants are liable to Plaintiff for Federal minimum wages for the months of January and February 2020.

## COUNT III.
RIGL 28-14-1 ET SEQ
FAILURE TO PAY WAGES TO INCLUDE OVERTIME, REGULAR WAGES, AND TAXES.

49. The allegations of the previous paragraphs are hereby realleged as if set forth in full.

50. Under the provisions of the Rhode Island Payment of Wages act, R.I.G.L. § 28-12-1 et seq and § 28-14-19.2 the Plaintiff has a right of action for failure to pay her regular and overtime wages and for defendants failure to make proper tax payments for FICA and Medicare taxes.

51. As a result of the Defendants failure to pay her wages as set forth above, Plaintiff demands payment of $157,036.42 in unpaid wages from the Defendant and an amount equal to any tax payments set forth above it they failed to contribute on her behalf.

WHEREFORE, Plaintiff seeks judgment against the Defendants jointly and severally as set forth below

1. For wages owed to her in the amount of $157,036.42 to cover both over time and regular wages the Defendants failed to pay her under the RI Wage Act plus an amount it owed due to its failure to pay FICA and Medicare taxes on her payroll.

2. Attorney's fees and cost as is required and allowed by the FLSA and Rhode Island Wage Act.

3. Liquidated damages against the Defendants in the amount of all wages, to include overtime, owed to the Plaintiff under the FLSA for a total amount of $303,395.87.

4. Liquidated damages against the Defendants for violation of the Rhode Island payment of wages act and R.I.G.L. § 28-14-20(2) for both regular wages and overtime, together with regular wages of $314,072.84 plus an amount to be calculated on these payments for FICA and Medicare at the liquidated rates.

    5. Such other relief as the court may award.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL COUNTS HEREIN.

                                  PLAINTIFF BY HER ATTORNEY

                                /s/ Sonja L Deyoe
                                Sonja L. Deyoe (6301)
                                Law offices of Sonja L. Deyoe
                                395 Smith Street
                                Providence, RI 02908
                                (401) 864-5877
                                sld@the-straight-shooter.com